IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                              Case No. 3:18cr48

**JOHN JASON MORGAN,**

        **Defendant.**

## MEMORANDUM ORDER

On April 17, 2018, Defendant John Jason Morgan was charged in this Court under a one-count Indictment with Possession with Intent to Distribute Methamphetamine. (ECF No. 1.) On April 24, 2018, he was arraigned and entered a plea of not guilty. (ECF No. 5.) The Court scheduled a jury trial for June 25, 2018. (*Id.*) On May 15, 2018, Morgan filed a Motion to Suppress Evidence and Statements (the "Motion to Suppress"). (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b)(1)(B),[1] the Court referred the Motion to Suppress to the Honorable David J. Novak, United States Magistrate Judge, for Report and Recommendation. (ECF No. 7.)

---

[1] Section 636(b)(1)(B) provides:

**(b)(1)** Notwithstanding any provision of law to the contrary—

> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action], of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B).

The United States responded to the Motion to Suppress, (ECF No. 9), and Morgan replied, (ECF No. 17). The Magistrate Judge conducted a three-hour evidentiary hearing at which he took evidence and heard argument on the Motion to Suppress. (*See* ECF No. 15.) After the hearing, the parties submitted supplemental stipulations. (ECF No. 18.) On July 2, 2018, the Magistrate Judge issued a thirty-nine-page Report and Recommendation (the "R&R"). (ECF No. 21.) In the R&R, the Magistrate Judge makes extensive recommended findings of fact and conclusions of law. The Magistrate Judge recommends that the Court grant in part and deny in part the Motion to Suppress. (R&R 38, ECF No. 21.) Specifically, the Magistrate Judge recommends that the Court grant the Motion to Suppress "to the extent that it seeks to suppress all of the statements that [Morgan] made to police officers on September 22, 2017, as well as the electronic devices recovered from [Morgan's] truck and their contents." (*Id.*) The Magistrate Judge also recommends denying the Motion to Suppress to the extent Morgan "seeks to suppress the remainder of the physical evidence." (*Id.*)

By copy of the R&R, each party was advised of the right to file written objections to the proposed findings and recommendations made by the Magistrate Judge within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 39). On July 16, 2018, Defendant John Jason Morgan filed Objections to the R&R (the "Objections"). (ECF No. 22.) The United States filed no objections and the time to do so has expired.

When a party files written objections to an R&R, the "court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting the *de novo* review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations"

in the R&R. *Id.* The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Morgan lodges five objections to recommended findings of fact in the R&R. (Obj. 1–4, ECF No. 22.) He objects to the following suggested findings: (1) Morgan whistled at the woman the officers believed to be a prostitute, (Obj. 1); (2) Officer Myers credibly testified that he had seen the woman before, (Obj. 2); (3) Morgan was the sole occupant of the truck, (Obj. 3); (4) during Morgan's initial detention, individuals sought to obtain access to Morgan's truck, rather than the materials in the back of the truck, (Obj. 3); and, (5) possessing multiple electronic devices is indicative of drug distribution, (Obj. 4). Reviewing these proposed factual findings *de novo*, the Court sees no error. The Court will address each factual objection seriatim.

First, the Magistrate Judge did not err in finding that Morgan whistled at the woman the officers believed to be a prostitute. The video from Officer Douglas's body camera shows her telling Officer Douglas that she heard someone whistle, (Officer Douglas File 1 at 01:27), prompting her to run across the street. Officer Douglas also testified at the evidentiary hearing that she told him she heard a whistle and ran across the street. (June 1, 2018 Motion to Suppress Hearing Transcript ("Transcript") 69, ECF No. 14.) Although Morgan argues that "the unidentified man who fled the scene" could have whistled at the woman, (Obj. 1), Officer Douglas testified that the woman was "standing in the doorway of the passenger side speaking to someone inside the truck" when the officers pulled into the parking lot, (Tr. 16–17). Officer Douglas also testified—and his body camera video shows, (Officer Douglas File 1 at 00:12–00:20)—that the "unidentified man" was standing *outside* the truck, near the cab and behind the passenger side door, at the time the officers pulled into the parking lot. (Tr. 54–55.) Based on Officer Douglas's testimony, body camera footage showing that the woman stated she heard

3

someone whistle, and body camera footage showing the woman subsequently interact with someone inside the truck at a time when Morgan was the only person inside the truck, the Magistrate Judge properly found that Morgan had whistled at the woman.[2]

Second, the Court will overrule Morgan's objection that Officer Myers's testimony that he had seen the woman before lacked credibility. Officer Myers testified that he had seen the woman before. (Tr. 83.) When asked again on cross-examination, he stated, "I know I had seen her. I can't speak for [the other officers]. . . . But I know I had seen her on Jeff[erson] Davis [Highway]." (Tr. 104–05.) And, although Morgan asserts that Officer Myers "never entered any notes about this particular woman into the database created for such suspicions," (Obj. 2), Officer Myers testified at the evidentiary hearing that he used the database to log the names of people with whom he had actually made contact or who he knew to be criminals—neither of which applied to the woman, (Tr. 116–17). Morgan's general arguments relating to a lack of contemporary corroboration for Officer Myers's testimony do not render his testimony non-credible.[3] The Magistrate Judge correctly found credible Officer Myers's testimony that he had seen the woman before.

---

[2] Regardless of whether Morgan *in fact* whistled at the woman, based on these facts it was eminently reasonable for the officers to *believe* that Morgan whistled at the woman. This fact, combined with the other articulable facts stated in the R&R, (*see* R&R 16–17), gave the officers a reasonable, articulable suspicion that Morgan had attempted to solicit prostitution from the woman, (*see* R&R 15–18).

[3] Furthermore, Morgan mischaracterizes Officer Eacho's testimony. Officer Eacho did not state "that he would have expected Officer Myers to tell him if in fact Officer Myers had seen this woman before." (Obj. 2 (citing Tr. 135).) In fact, Officer Eacho testified on cross-examination as follows:

> Q:  Because it would have been—made sense if [Officer Myers had] seen her before he would have told you, right?
> A:  Yes, ma'am.

(Tr. 135.)

Third, Morgan's objection to the Magistrate Judge's proposed finding that he "was the only occupant of the truck" lacks merit. (Obj. 2 (citing R&R 5).) The cited recommended finding is only that Morgan was the sole occupant in the truck when the "unidentified man who had been standing near the bed of the truck walked away from the scene." (R&R 5.) This was clearly the case. Officer Douglas and Officer Myers both testified that, during their interaction with Morgan, Morgan was the only occupant of the truck, (Tr. 22 (Officer Douglas), 81 (Officer Myers)), and body camera footage confirms that Morgan was alone in the truck at the time the officers spoke with him, (Officer Myers File at 01:20–5:42). The Court will overrule Morgan's objection as to the suggested finding that Morgan was the only occupant of the truck.[4]

Fourth, the Magistrate Judge did not err in recommending a finding that, during Morgan's encounter with the police, people offered to take Morgan's truck away. The testimony and body camera footage established that a group of people sought to take Morgan's truck. (Tr. 37–38, 92; Officer Myers File at 33:00–33:55; 38:52–39:00; 56:10–56:51.) Morgan asserts that, "[a]s the outside parties themselves indicated, they were interested in the materials on the back of ... Morgan's truck, not the truck itself." (Obj. 3.) But after Officer Myers told the man who indicated he had come to pick up the truck that he could not take the truck, that individual did ask if he could get the materials out of the back of the truck. (Officer Myers File at 56:15.) Regardless of the parties' stated motivations, Officer Douglas testified that, in his experience, when narcotics "sellers or distributors are known in the area, people that they do business with will have an unusual attention to what is going on in that stop, and want to assist that person in ... an attempt to prevent the police from finding whatever ... is in the vehicle. And that is what

---

[4] To the extent Morgan intended to object to any recommended finding that Morgan *had always been* the sole occupant of the truck, the Magistrate Judge made no such finding.

5

appeared to be happening" during the encounter with Morgan.[5] (Tr. 38.) The Court will overrule Morgan's objection to this proposed finding of the Magistrate Judge.

Finally, the Court will overrule Morgan's objection to the R&R's suggested finding that "possessing multiple electronic devices is indicative of drug distribution." (Obj. 4.) Officers Douglas and Myers both testified, based on their training and experience, that it was common to find cell phones and other electronic equipment in the possession of someone with a large quantity of drugs. (Tr. 50–51, 94.) The Magistrate Judge made his finding as to electronic devices by stating that, "[b]ased on their experience," the officers considered the numerous electronic devices "further indicia of distribution." (R&R 8–9.) Notwithstanding the "ubiquity" of electronic devices, the Court finds, after a *de novo* review, the Magistrate Judge's reliance on the officers' experiential testimony correct.

Morgan also objects to the following proposed conclusions of law in the R&R. First, he objects to the R&R's suggested finding that reasonable, articulable suspicion supported his seizure. (Obj. 4–6). Second, he contends that the R&R erred in recommending that this Court find the officers did not engage in flagrant or purposeful misconduct. (*Id.* at 6–7.) Third, he asserts that the R&R incorrectly proposed a finding that the officers did not obtain Morgan's statements in violation of the Fourth Amendment. (*Id.* at 7–9.) Fifth, Morgan argues that the R&R erred in suggesting that this Court find he is not entitled to a *Franks* hearing. (*Id.* at 9–10.)

---

[5] Even assuming that the people attempting to take Morgan's truck were only interested in the materials in the back of the truck, the officers had no way of knowing at the time of the encounter that those materials did not contain contraband. Indeed, throughout the encounter, the officers made comments indicating that they thought the materials in the back of Morgan's truck could themselves contain contraband. (*See, e.g.*, Officer Myers File 37:18 (the K-9 officer indicates his suspicion that the materials in Morgan's truck could contain contraband, and Officer Myers states his agreement and concern).)

6

And finally, Morgan states that the Magistrate Judge erred in recommending a finding that the officers relied on the warrant in good faith. (*Id.* at 10–11.)

The Magistrate Judge thoroughly and thoughtfully considered each of these arguments in the R&R and correctly ruled against Morgan. The Court will not reiterate here the painstaking explication of the encounter, and the in-depth legal analysis in the R&R. For the reasons stated in the R&R, the Court will overrule Morgan's objections to the proposed conclusions of law, and the factual characterizations on which those objections rely.

The Court has conducted a *de novo* review of the R&R and Morgan's Objections. Finding no error in the R&R, the Court ADOPTS the Report and Recommendation IN FULL, (ECF No. 22), and GRANTS IN PART and DENIES IN PART the Motion to Suppress, (ECF No. 6).

The following SHALL be suppressed:

(1) All statements Morgan made to police officers on September 22, 2017.

(2) All electronic devices recovered from Morgan's truck, and the contents of those devices.

The remainder of the physical evidence addressed in the Motion to Suppress SHALL NOT be suppressed.

Counsel for Morgan and the United States SHALL contact Chambers within three (3) days to schedule a status hearing in this matter.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/13/18
Richmond, Virginia